| | |
|---|---|
| JAMES DALRYMPLE, | ) |
| Plaintiff, | ) ) ) |
| v. | )     **MEMORANDUM AND** |
| | )     **RECOMMENDTION** |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on "Plaintiff's Social Security Brief" (Doc. No. 6), "Commissioner's Brief" (Doc. No. 9) and "Plaintiff's Social Security Reply Brief" (Doc. No. 10).[1]

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. The undersigned respectfully recommends that the Commissioner's decision be reversed, as discussed below.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs and discusses relevant portions below.

---

[1] Following amendments to the Supplemental Rules for Social Security Actions, see 42 U.S.C. § 405(g), and to Local Civil Rule 7.2, the parties are no longer required to file dispositive motions.

Plaintiff filed the present action on August 14, 2024. (Doc. No. 1). He assigns error to the Administrative Law Judge's ("ALJ") failing to resolve apparent conflicts between the vocational expert's ("VE") testimony regarding the impact of a limitation to "gradual and occasional workplace change" and the descriptions in the Dictionary of Occupational Titles ("DOT") of the reasoning levels for each of the jobs the VE identified—all of which require a reasoning level of two. See Plaintiff's Brief, (Doc. No. 6 at 1-2, 7-15) (citing (Tr. 675–89)); Plaintiff's Reply (Doc. No. 10 at 1-3).[2]

This is not the first time that this issue has arisen concerning Plaintiff's claim. The ALJ presided over a hearing held February 3, 2022, and a rescheduled hearing held August 24, 2022. (Tr. 88, 55). The ALJ issued an unfavorable decision on September 07, 2022. (Tr. 7). Plaintiff requested the Appeals Council ("AC") review this decision, but the AC denied his appeal on February 01, 2023. (Tr. 1). Plaintiff then filed his Complaint with this Court, which remanded his claim for "further fact-finding" on September 26, 2023. (Tr. 721). See "Order" (Doc. No. 11) (granting Defendant's Consent Motion for Remand (Doc. No. 10)), Dalrymple v. Comm'r of Soc. Sec., 1:23-cv-00095-MOC (W.D.N.C. Sept. 26, 2023).

The AC entered its remand order on November 17, 2023. Tr. 723-29. In its November 17, 2023 remand order, the AC stated:

> There is an apparent unresolved inconsistency between the testimony of the vocational expert and the information contained in the Dictionary of Occupational Titles (DOT). The ALJ asked the vocational expert to consider a hypothetical person who, in pertinent part, could perform a range of light work but could only "adapt to gradual and occasional change" (Hearing Recording, 10:53:35 AM). The

---

[2] Plaintiff also argues that the ALJ erred in evaluating the treating source statements of Nurse Jennifer Shetters, Nurse Mark Vann, and Dr. Mahmood Siddiqui, each of whom agreed that Plaintiff was disabled and whose opinions the ALJ discounted without providing substantial evidence to support the ALJ's decision to do so. Plaintiff's "Brief" (Doc. No. 6 at 2, 15-24) (citing Tr. 684–87 (referring back to 579-581, 447–52, 663–65)) and Plaintiff's "Reply …" (Doc. No. 10 at 1-3). Because the error discussed herein is clear, the Court expresses no opinion as to Plaintiff's remaining assignments of error nor to the ultimate merits of his claim. See Flack v. Berryhill, No. 1:17-CV-00272-MR, 2018 WL 3543088, at *6 (W.D.N.C. July 23, 2018) ("In light of this decision remanding the case for further administrative proceedings, Plaintiff's remaining assignments of error need not be addressed but may be raised. . . on remand.").

> vocational expert testified that an individual with the above residual functional capacity with the claimant's age, education, and vocational profile, could perform representative work as a table worker (DOT 734.687-014) or a garment sorter (DOT 222.687-014) ([Id.] at 10:54:49 AM). Both positions have a GED [General Educational Development] Reasoning level of two, requiring an individual to be capable of dealing "with problems involving a few concrete variables in or from standardized situations." In contrast, reasoning level one only requires an individual to be capable of dealing with "standardized situations with occasional or no variables in or from these situations encountered on the job" (emphasis added). <u>The claimant's limitation to gradual and occasional changes appears to conflict with the demands of the cited [level two reasoning] occupations.</u> Although the ALJ asked the vocational expert whether his testimony conflicted with the DOT, the vocational expert did not identify this apparent conflict, and the ALJ also does not address or attempt to resolve the apparent conflict. Accordingly, remand is warranted for supplemental vocational evidence.

Tr. 726 (emphasis added).

The AC instructed the ALJ on remand to:

> Obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The ALJ will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR [§] 404.1566). <u>Further, before relying on the vocational expert evidence the ALJ will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p)</u>.

Id. (emphasis added).

The ALJ presided over the remand hearing held April 04, 2024. Tr. 697-715. The ALJ then concluded that Plaintiff had the Residual Functional Capacity ("RFC") to:

> perform light work as defined in 20 CFR [§] 404.1567(b) except he can never climb ladders, ropes and/or scaffolds, or be exposed to other workplace hazards; can frequently engage in other postural activities; can frequently handle and/or finger with the bilateral upper extremities; can occasionally reach overhead with the left upper extremity; can have occasional exposure to pulmonary irritants; can have no exposure to workplace hazards; can understand, remember and carry out simple tasks; can maintain concentration, persistence and pace for those tasks with customary work breaks; can have occasional contact with the public, co-workers and supervisors; and can adapt to gradual and occasional workplace change.

Tr. 675–76.

> Regarding VE testimony, the ALJ stated:
>
> She indicated her opinion was consistent with the DOT, but that the DOT does not address some of the issues presented, including overhead limitations affecting only one side, limitations in frequency of social interactions or questions about absenteeism and off-task behavior. To provide an opinion addressing those limitations, the VE testified that she had relied on her professional training and experience, as well as DOT and other professional publications, and work with employers on issues relating to job requirements. Pursuant to SSR 00-4p, I have determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.
>
> <u>I note the District Court found the limitation to gradual and occasional change appeared inconsistent with the GED reasoning level 2 requirement of ability to deal with problems involving a few concrete variables in or from standardized situations, implying that only SVP [Specific Vocational Preparation] 1 jobs would be compatible with the foregoing RFC. Exhibit 8A/4. However, I do find that the VE's explanation as to the basis of her testimony is sufficient. I note that, from the AOD [Alleged Onset Date] to the DLI [Date Last Insured], the claimant had reported activities included attending college classes, performing child care, and selling items on Ebay, as well as managing finances. Reliable evidence from medical and mental health providers, and the claimant's various reported activities, is simply incompatible with a finding he would be incapable of SVP 2 requirements.</u>
>
> Based on the testimony of the vocational expert, I conclude that, through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rules.

Tr. 688 (emphasis added). The ALJ concluded that Plaintiff was not disabled because he could adjust to work as a price marker, routing clerk, and office helper. Tr. 688.

The ALJ issued an unfavorable decision on April 18, 2024. Tr. 666. Plaintiff did not file written exceptions to this decision, and the AC did not undertake own-motion review within sixty days of this decision, making the April 18, 2024 decision the final decision of the Commissioner. See 20 C.F.R. § 404.984(c)–(d). Plaintiff then timely filed

his complaint with this Court on August 14, 2024. 42 U.S.C. § 405(g).

## II. **DISCUSSION**

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); Biestek v. Berryhill, 587 U.S. 97, 102-03 (2019); Oakes v. Kijakazi, 70 F.4th 207, 212 (4th Cir. 2023); Arakas v. Comm'r of Soc. Sec., 983 F.3d 83, 94 (4th Cir. 2020). "Substantial evidence is 'more than a mere scintilla' and '[i]t means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Oakes, 70 F.4th at 212 (quoting Biestek, 587 U.S. at 103). "The threshold is 'not high' and defers to the ALJ, 'who has seen the hearing up close.'" Id. (quoting Biestek, 587 U.S. at 103, 108). "'In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for the ALJ's.'" Id. (citing Arakas, 983 F.3d at 95). "But 'even under this deferential standard, we do not reflexively rubber-stamp an ALJ's findings.'" Id. (quoting Lewis v. Berryhill, 858 F.3d 858, 870 (4th Cir. 2017)).

"To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." Id.; see also Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (finding the ALJ failed to build an accurate and logical bridge from the evidence to his conclusion). Where the ALJ fails to build that logical bridge, the Court must remand for further proceedings. See Monroe, 826 F.3d at 189; see also Patterson v. Comm'r of Soc. Sec., 846 F.3d 656, 663 (4th Cir. 2017)). In Patterson, the Court explained:

> We do not take a position on the merits of [Plaintiff's] application for disability benefits. Instead, the dispute here arises from a problem that has become all too common among administrative decisions challenged in this court—a problem decision makers could avoid by following the admonition they have no doubt heard

since their grade-school math classes: Show your work. The ALJ did not do so here, and this error rendered his decision unreviewable.

846 F.3d at 663 (citing Kohler v. Astrue, 546 F.3d 260, 267 (2d Cir. 2008)).

The question before the ALJ was whether Plaintiff became disabled at any time.[3] The ALJ is responsible for assessing a claimant's RFC. See 20 C.F.R. §§ 404.1546(c), 416.946(c). In making that assessment, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments. See Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, SSR96-8p, 1996 WL 374184 (July 2, 1996). The ALJ also must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts. . . and nonmedical evidence." Id. at *7.

Plaintiff contends that the ALJ erred in relying on the VE's testimony rather than resolving apparent conflicts with the DOT. Plaintiff argues that there are apparent conflicts between the RFC limitation regarding a limitation to "gradual and occasional workplace change" and the descriptions in the DOT of the reasoning levels for each of the jobs the VE identified—price marker, routing clerk, and office helper, which require a reasoning level of two. DOT, App'x C, Section III, 1991 WL 688702. The Court agrees.

In Pearson v. Colvin, the Fourth Circuit recognized that an ALJ "independently must identify conflicts between the expert's testimony and the [DOT]." 810 F.3d 204, 209 (4th Cir. 2015) (citations omitted). The Fourth Circuit ultimately reversed and remanded the case because the ALJ failed to resolve the conflict between the VE's testimony and the DOT. Id. at 205. Merely asking the VE if there were any conflicts is insufficient. Id. at 210. Instead, the ALJ must elicit

---

[3] The term "disability" is defined as the:
>inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . [.]

42 U.S.C. § 423(d)(1)(A); see also Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

an explanation about any conflicts from the VE. Id. at 211. Then, the ALJ must determine whether that explanation is reasonable and provide a basis for relying on the VE's testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the VE's testimony does not provide substantial evidence for a denial of benefits. Id. at 211; see also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

Defendant faults Plaintiff for not cross-examining the VE at the hearing regarding the reasoning-level conflict identified in Plaintiff's opening brief. "Commissioner's Brief," (Doc. No. 9 at 12–13). The argument fails, however, because in Pearson, the plaintiff's counsel similarly "asked the expert no questions." 810 F.3d at 206. The Fourth Circuit explained that the Commissioner bears the burden of proof at Step Five, which requires nothing of claimants. Id. at 210 ("SSR 00-4p, however, requires nothing of the claimant . . . given that the Commissioner bears the burden of proof at this final step, adopting the Commissioner's view would amount to shifting the burden of proof back to the claimant . . . This we will not do.") (internal quotations and citations omitted); Thomas v. Berryhill, 916 F.3d 307, 313 (4th Cir. 2019) (Explaining that at Step Five, "the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant is capable of doing other work that exists in significant supply in the national economy.") (citation omitted); McConnell v. O'Malley, No. CV 0:23-3213-RMG, 2024 WL 3771783, at *3 (D.S.C. Aug. 12, 2024) ("the independent duty of the ALJ to identify and resolve apparent conflicts between the testimony of the vocational expert and the DOT is required because '[t]he Social Security Act is remedial in nature' and 'unusually protective' of claimants.") (citing Pearson, 810 F.3d at 210). Therefore, Plaintiff did not waive this issue.

Defendant further contends that there is no apparent conflict between a limitation to "gradual and occasional workplace changes" and the requirements of reasoning level two jobs. "Commissioner's Brief," (Doc. No. 9 at 13–20). However, the Appeals Council's November 17, 2023 earlier remand order contradicts Defendant's position:

> Both positions have a GED Reasoning level of two, requiring an individual to be capable of dealing with problems involving a few concrete variables in or from standardized situations. In contrast, reasoning level one only requires an individual to be capable of dealing with 'standardized situations with occasional or no variables in or from these situations encountered on the job . . . The claimant's limitation to gradual and occasional changes appears to conflict with the demands of the cited occupations.

Tr. 726 (internal citations omitted). The Court recognizes the earlier remand order addressed different DOT positions, but the reasoning extends to the present issue.

Defendant also submits that "the ALJ here did enough to comply with the remand order and resolve the potential conflict by asking the VE about the basis for her testimony to the extent it differed from the DOT and getting a reasonably detailed response . . ." Commissioner's Brief, (Doc. No. 9 at 19). However, as the Fourth Circuit has explained, a VE's generic assertion that no conflict exists does not resolve an apparent conflict. See Pearson, 810 F.3d at 208–211 (4th Cir. 2015) ("an ALJ has not fulfilled his affirmative duty 'merely because the [vocation expert] responds 'yes' when asked if her testimony is consistent with the [DOT.]") (citations omitted). Accordingly, the VE's generic assertion here that her testimony was based on her training and experience fails resolve the reasoning-level conflict or otherwise satisfy the ALJ's affirmative duty. King v. Berryhill, No. 3:18-CV-00001-RJC, 2019 WL 1317732, at *4 (W.D.N.C. Mar. 22, 2019) ("Pearson elevated the ALJ's responsibility in addressing apparent conflicts. Now, an ALJ cannot rely unquestioningly on a VE's testimony; instead, an ALJ must ask the VE whether his or her testimony conflicts with the DOT. And even if the VE answers that no conflicts exist, the ALJ

has an affirmative 'duty to make an independent identification of apparent conflicts.' This means that the ALJ must identify where the VE's 'testimony seems to, but does not necessarily, conflict with the [DOT].'") (quoting Pearson) (aff'd sub nom. King v. Saul, 787 F. App'x 170 (4th Cir. 2019).

The ALJ's attempt to resolve the conflict in the written decision (Tr. 688), absent a specific explanation from the VE, does not fully satisfy this duty. Instead, SSR 00-4p requires ALJs to identify and resolve apparent conflicts with the VE. SSR 00-4p; see also Pearson, 810 F.3d at 208. This is especially true where the AC's remand order gave the ALJ specific instructions for carrying out this obligation. Tr. 726. Moreover, as noted in Plaintiff's brief, the ALJ's discussion appears to conflate reasoning level and specific vocational preparation level, further undermining the ALJ's attempted explanation. Plaintiff's Brief, (Doc. No. 6 at 14–15). This is an issue even the Defendant's brief appears to acknowledge ("Preferably, the ALJ would have confined her discussion to reasoning levels, but it is fair to read the paragraph as a whole. . . ."). Commissioner's Brief, (Doc. No. 9 at 20).

Therefore, the ALJ failed to address and resolve apparent conflicts between the VE's testimony and the DOT, consistent with Pearson, preventing substantial evidence from supporting the ALJ's denial of benefits at Step Five and warranting remand. "It is the duty of the ALJ to 'build an accurate and logical bridge from the evidence to his conclusion.'" Walker v. O'Malley, 1:23-cv-000358-MR, 2024 WL 3647646 at *1 (W.D.N.C. July 31, 2024) (citing Monroe, 826 F.3d at 189). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Id. (citing Mills, 2017 WL 957542, at *4, and Radford, 734 F.3d at 295). Accordingly, remand is required.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Commissioner's decision be **REVERSED** and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

### IV. TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Kenneth Bell.

Signed: August 28, 2025

**SO RECOMMENDED**.

_____
Susan C. Rodriguez
United States Magistrate Judge

---

[4] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); see also Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990). In this case, a new hearing is required.